**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-01433-REB-PAC

JASON ROBINSON,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF GREYSON ROBINSON, in his official capacity,
JOSEPH DEMPSEY, in his individual and official capacity, and
JOHN DOES I-X, a series of fictitious names,

    Defendants.
_____

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND MOTION TO DISMISS**
_____

**Blackburn, J.**

The matter before me is defendants' **Motion for Summary Judgment and Motion to Dismiss** [#16], filed October 25, 2006.[1] I grant the motion with respect to plaintiff's federal claims and declining to exercise supplemental jurisdiction over his pendant state law claims, dismiss those claims without prejudice.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1369 (supplemental jurisdiction).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material

---

[1] The magistrate judge previously granted plaintiff's motion to amend the caption of this case to delete Arapahoe County and the Arapahoe County Sheriff's Office as named defendants in this action. (*See* Courtroom Minutes/Minute Order [#57], filed February 15, 2006.) Accordingly, although those defendants joined in the present motion for summary judgment, plaintiff has conceded that he has no viable claims against them. I therefore address only the claims against the remaining defendants.

fact and the movant is entitled to judgment as a matter of law.  **F**ED.**R.C**IV.**P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

The party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  ANALYSIS

Plaintiff was formerly employed by the Arapahoe County Sheriff's Office as a Deputy Sheriff (Acting Sergeant) at the Patrick J. Sullivan Jr. Detention Center in

Centennial, Colorado.  On December 21, 2003, an argument broke out between several female inmates in the POD One day room as a result of "a culmination of rumors that had been spread by one or more of these inmates that she (they) were in a sexual relationship with Plaintiff."  (Complaint at 5, ¶ 18.)  Several inmates who were interviewed in connection with the altercation made allegations of inappropriate sexual conduct against plaintiff.  Plaintiff was suspended pending an investigation of those charges on December 22 or 23, 2003.

Plaintiff denied the allegations of sexual misconduct.  In fact, he claims the investigation produced exculpatory information, most specifically, tapes of telephone calls from the accusers suggesting that they had fabricated the allegations in order to blackmail plaintiff.  Nevertheless, on January 7, 2004, while the investigation was still ongoing, plaintiff resigned from his position.  Soon thereafter, information developed during the course of the investigation was turned over to the Arapahoe County District Attorney, who initiated criminal charges against plaintiff.  Plaintiff alleges that defendants withheld the above-described exculpatory evidence until October 19 or 20, 2004.[2]  Not long after these materials were brought to light, the charges against plaintiff were dismissed.

This lawsuit followed.  Herein, plaintiff alleges causes of action for violation of his substantive and procedural due process rights,[3] as well as state law claims of abuse of process/malicious prosecution, outrageous conduct, and defamation.  The defendants

---

[2] Plaintiff claims this information was withheld in retaliation for internal complaints he filed in 2001 regarding scheduling disparities within the Sheriff's Department.  (*See* Plf. Resp. App., Exh. 8.)

[3] Although plaintiff argues in his response that he has a viable claim under section 1983 for deprivation of his First Amendment right to meaningful access to the courts, he has since indicated that he intends only to assert section 1983 claims for violation of substantive and procedural due process.  (*See* Courtroom Minutes/Minute Order [#57], filed February 25, 2006.)  I therefore do not address his arguments regarding whether he has asserted a constitutional claim of malicious prosecution.

3

have now filed a motion for summary judgment as to all claims and causes of action raised in this lawsuit. I address plaintiff's federal claims first.

Initially, I note that plaintiff has affirmed that there is no custom or policy of the Sheriff's Office at issue in this case. (**See** Courtroom Minutes/Minute Order [#57], filed February 15, 2006.) Under those circumstances, he cannot allege a viable section 1983 claim against Sheriff Robinson, who is sued only in his official capacity. **See Monell v. Department of Social Services of the City of New York**, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978); **Barney v. Pulsipher**, 143 F.3d 1299, 1307 & n.4 (10th Cir. 1998). Accordingly, the motion should be granted as to those claims.

With respect to plaintiff's claims against Dempsey and the John Doe defendants, he has failed to demonstrate that his substantive or procedural due process claims are cognizable. Plaintiff's claim that he has a protected property interest in his position with the Sheriff's Office is plainly belied by the evidence. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." **Board of Regents of State Colleges v. Roth**, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, a public employee who claims to have a property interest in his job must demonstrate, by reference to state law, an express or implied contract, or other independent source, that he is legitimately entitled to continued employment. **See Carnes v. Parker**, 922 F.2d 1506, 1510 (10th Cir. 1991). Plaintiff cannot meet that burden. His argument that the Sheriff's system of progressive discipline creates such an entitlement in his job is undercut by the very document in which this progressive discipline system is outlined – Arapahoe County

Sheriff's Office Policy and Procedure Manual, Internal Affairs and Disciplinary Process - ADM 319.  That policy plainly states:

> All members of the Sheriff's Office are at-will employees and work at the pleasure of the Sheriff.  As such, members are subject to dismissal with or without cause.  No portion of this manual or this policy shall constitute a contract between the Sheriff and the member, or between the County and a member.

(Def. Motion App., Exh. A-6 at 2.)  At the time he was hired, plaintiff signed an Acknowledgment for receipt of the Manual, which reiterated that

> [t]his Manual does not create a contract in any way between the Sheriff and the member, or between the Board of County Commissioners and the member.  I understand that there is no contract of employment governing my employment with the Arapahoe County Sheriff. . . . I further understand that I am an employee at-will, and that my employment may be terminated at any time by me or my employer, with or without cause or notice.

(*Id*., Exh. A-1.)  Given these facts, plaintiff cannot assert a viable claim for deprivation of his due process in connection with any cognizable property right.

Nor can plaintiff assert a claim for deprivation of a due process liberty interest associated with his job.  "When a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonest or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief is created."  **Melton v. City of Oklahoma City**, 928 F.2d 920, 927 (10th Cir.), **cert. denied**, 112 S.Ct. 296 (1991), **and cert. denied**, 112 S.Ct. 297 (1991).  When those circumstances exist, the employee is entitled to procedural due process.  **See Paul v. Davis**, 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976).  However, plaintiff's decision to resign prior to the

5

conclusion of the investigation into the charges against him prevents him from proving up this cause of action. Defamation unconnected to a decision to terminate is not actionable under the Due Process Clause. **See id**., 96 S.Ct. at 1164-65; **Melton**, 928 F.2d at 926. Even if plaintiff had not resigned, there is no allegation or evidence that he ever requested a hearing on the charges. He thus has waived any claim that due process was denied him in this regard. **Sandoval v. City of Boulder, Colorado**, 388 F.3d 1312, 1329 (10th Cir. 2004); **Pitts v. Board of Education of U.S.D. 305, Salina, Kansas**, 869 F.2d 555, 557 (10th Cir. 1989).

For these reasons, defendants are entitled to summary judgment as to plaintiff's federal claims. When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims. **United States v. Botefuhr**, 309 F.3d 1263, 1273 (10th Cir. 2002). I find it appropriate to do so here, and thus will dismiss plaintiff's malicious prosecution, outrageous conduct, and defamation claims without prejudice.

### IV.  CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 for violation of his substantive and procedural due process rights should be dismissed with prejudice. His pendant state law claims will be dismissed without prejudice.

**THEREFORE, IT IS ORDERED**, as follows:

1. That defendants' **Motion for Summary Judgment and Motion to Dismiss** [#16], filed October 25, 2006, is **GRANTED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's claims under 42 U.S.C. § 1983 for violation of his substantive and procedural due process rights, and those claims are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendants, Arapahoe County Sheriff Greyson Robinson, Joseph M. Dempsey, and John Does I-X, and against plaintiff, Jason Robinson, as to plaintiff's claims under 42 U.S.C. § 1983 for violation of his substantive and procedural due process rights;

4. That plaintiff's state law claims for abuse of process/malicious prosecution, outrageous conduct, and defamation are **DISMISSED WITHOUT PREJUDICE**;

5. That **Defendants' Motion to Strike Certain Exhibits Attached to Plaintiff's Opposition Brief to Defendants' Motion for Summary Judgment and Motion to Dismiss** [#49], filed January 26, 2006, is **DENIED AS MOOT**; and

6. That **Defendants' Partial Objection to Magistrate Judge's March 8, 2006 Order** [#66], filed March 17, 2006, is **DENIED AS MOOT**.

Dated March 20, 2006, at Denver, Colorado.

      **BY THE COURT:**

      s/ Robert E. Blackburn
      **Robert E. Blackburn**
      **United States District Judge**