IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-01433-REB-PAC

JASON ROBINSON,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF GREYSON ROBINSON, in his official capacity,
JOSEPH DEMPSEY, in his individual and official capacity, and
JOHN DOES I-X, a series of fictitious names,

    Defendants.
_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
_____

**Blackburn, J.**

    The matter before me is defendants' **Plaintiff's Motion for Reconsideration** [#69], filed March 23, 2006. I deny the motion.

    Plaintiff takes issue with that portion of my order declining to address his claims under 42 U.S.C. § 1983 for malicious prosecution on the ground that plaintiff previously confirmed that his claims relied only on the alleged deprivation of procedural and substantive due process rights. (*See* Order Granting In Part Defendants' Motion for Summary Judgment and Motion to Dismiss at 3 n.3 [#67], filed March 20, 2006.) Plaintiff claims I misunderstood his claims to be premised on the First Amendment right of meaningful access to the courts, when in fact, his section 1983 claim for malicious prosecution "is based on a substantive due process analysis under the Fourth and Fourteenth Amendments to the U.S. Constitution." (Motion for Reconsideration at 1-2.)

    The court's misapprehension of a party's position can constitute proper grounds

warranting reconsideration.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Nevertheless, and assuming *arguendo* that I misunderstood the thrust of plaintiff's argument, an assumption which, in re-reading his response brief, clearly is not required, he has failed to assert a viable section 1983 claim in any event.  The Tenth Circuit has made clear that, following the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), malicious prosecution claims under section 1983 do not implicate the Fourteenth Amendment guarantee of substantive due process, but rather are analyzed solely under the Fourth Amendment's protection against unreasonable searches and seizures.  *See Taylor v. Meacham*, 82 F.3d 1556, 1561 & nn. 3-5 (10th Cir.), *cert. denied*, 117 S.Ct. 186 (1996); *Smith v. Barber*, 195 F.Supp.2d 1264, 1279 (D. Kan. 2002).  As plaintiff previously affirmed that his claims implicated only substantive and procedural due process (*see* Courtroom Minutes/Minute Order [#57], filed February 25, 2006), he has not stated a viable claim under section 1983 for malicious prosecution.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Reconsideration** [#69], filed March 23, 2006, is **DENIED**.

Dated March 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**