IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01433-REB-PAC

JASON ROBINSON,

    Plaintiff,

v.

ARAPAHOE COUNTY,
THE ARAPAHOE COUNTY SHERIFF'S OFFICE, by and through the
ARAPAHOE COUNTY SHERIFF GREYSON ROBINSON,
JOSEPH M. DEMPSEY, and
JOHN DOES I - X, a series of fictitious names,

    Defendants.

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER**

    IT IS HEREBY **ORDERED** that Plaintiff's Unopposed Motion to Vacate and Reset Scheduling Conference [filed May 30, 2007; Doc. No. 85] **GRANTED** as follows:

    The Scheduling Conference set for June 7, 2007 is ***vacated and reset*** to **June 29, 2007 at 9:30 a.m.**, in Courtroom A501, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

    **ALL DOCUMENTS SHOULD BE E-MAILED TO Coan_Chambers@cod.uscourts.gov.**

    IT IS **ORDERED** that counsel/pro se parties in this case are to hold a pre-scheduling conference meeting and **prepare a proposed Scheduling Order** in accordance with Fed.R.Civ.P. 26(f), as amended, and the instructions accompanying the form scheduling order on or before <u>21 days before the scheduling conference</u>. Pursuant to Fed.R.Civ.P. 26(d), as amended, no discovery is to be exchanged until after the Rule 26(f) conference meeting.

    No later than five (5) calendar days prior to the Scheduling/Planning Conference, counsel/pro se parties shall submit their proposed Scheduling Order in the format available on the Court's website at: www.cod.uscourts.gov under magistrate judges forms **(in PDF)** in compliance

with the Court's Electronic Case Filing Procedures which are also available on the Court's website. An additional copy of the proposed scheduling order is to be provided to my chambers at Coan_Chambers@cod.uscourts.gov by **e-mail attachment** with the subject line stating "proposed Scheduling Order" and in **WordPerfect format**.

In addition to the instructions for completing the Scheduling Order, which may be found on the court's website with the scheduling order form, counsel and pro se parties should consider whether electronic discovery will be needed. Specifically, in those cases in which: (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (i.e., e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding what efforts will be needed to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall include these issues, if appropriate, in the proposed scheduling order and shall be prepared to discuss them at the scheduling/planning conference.

Further, on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1), as amended.

Parties who are pro se or do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room A105, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of the Court on paper.

IT IS **FURTHER ORDERED** that at least five (5) calendar days before the Scheduling/Planning Conference, counsel/pro se parties shall submit a brief Confidential Settlement Statement to the Magistrate Judge **ONLY**, outlining the facts and issues involved in the case, and the possibilities for settlement, including any settlement authority from the client. Electronic case filing participants are to submit their Confidential Settlement statements to chambers at Coan_Chambers@cod.uscourts.gov. with the subject line stating "Confidential Settlement Statement" along with the case number and case caption. The Confidential Settlement statement should be submitted **in PDF** format and sent as an attachment to the e-mail. Documents with attachments totaling over 15 pages shall be submitted **to the Clerk's office** in an envelope labeled "Personal Materials" addressed to Magistrate Judge O. Edward Schlatter.[1] Counsel/pro se parties should be prepared to discuss settlement at the Scheduling/Planning Conference and should obtain full settlement authority from the client, or have the client available either in person or by telephone.

---

[1] **Do not label this envelope "confidential settlement statement" because you will risk the public filing of the document.**

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 before the Scheduling/Planning Conference.

It is the responsibility of counsel/pro se parties to notify the Court of his/her entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of address, e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

**The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions, under Rule 16(f), Fed.R.Civ.P.**

**Anyone seeking entry to the Alfred A. Arraj United States Courthouse will be required to show valid photo identification.** *See* **D.C.COLO.LCIVR. 83.2B. Failure to comply with this requirement will result in denial of entry to the courthouse.**

DATED: May 31, 2007 at Denver, Colorado.

BY THE COURT:

s/O. Edward Schlatter
O. Edward Schlatter
United States Magistrate Judge