IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-01433-REB-KMT

JASON ROBINSON,

    Plaintiff,

v.

ARAPAHOE COUNTY SHERIFF GRAYSON ROBINSON, in his official capacity,
JOSEPH DEMPSEY, in his individual and official capacity, and
JOHN DOES I-X, a series of fictitious names,

    Defendants.
_____

**ORDER GRANTING DEFENDANTS' SECOND
MOTION FOR SUMMARY JUDGMENT**
_____

**Blackburn, J.**

The matter before me is **Defendants' Second Motion for Summary Judgment** [#95], filed August 1, 2007. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348,

1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

The party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

## III. ANALYSIS

This matter is on remand to me from the Tenth Circuit to consider plaintiff's sole remaining claim of constitutional malicious prosecution.[1] This claim arises from criminal charges of sexual conduct in a penal institution and official misconduct that were brought against plaintiff, a former deputy sheriff with the Arapahoe County Sheriff's Department. Plaintiff claims defendants improperly withheld exculpatory evidence from the District Attorney, who ultimately dismissed the charges prior to trial. Because his claims are not

---

[1] Although plaintiff alludes in a footnote to a cause of action for "vindictive prosecution," he does not develop this argument further. (**See** Plf. Resp. Br. at 11, n.5.) I do not consider such inadequately developed arguments. **See Potter ex rel. Potter v. Bowman**, 2006 WL 3760267, *3 (D. Colo. Dec. 18, 2006) (Blackburn, J.) (citing **Gross v. Burggraf Construction Co.**, 53 F.3d 1531, 1547 (10th Cir.1995)).

2

viable under either the Fourth or the Fourteenth Amendment, defendants are entitled to summary judgment.

Analyzed under the Fourth Amendment, plaintiff's malicious prosecution claim is a complete non-starter. "'Violation of the Fourth Amendment requires an intentional acquisition of physical control.'" **Becker v. Kroll**, 494 F.3d 904, 914 (10th Cir. 2007) (quoting **Brower v. County of Inyo**, 489 U.S. 593, 596, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989)). The Tenth Circuit has declined to expand the Amendment to reach malicious prosecution claims in which the plaintiff was never arrested or incarcerated. *Id.* at 915.[2] Such is the case here. Plaintiff appeared in Arapahoe County District Court on March 16, 2004, on a summons return and was booked and released that same day. (**See Scheduling Order** at 5, ¶ 3(5) [#91], filed June 29, 2007.) Plaintiff was never incarcerated, and the charges against him were dismissed before he was brought to trial. Accordingly, under the authority of **Becker**, plaintiff cannot make out a viable claim of malicious prosecution under the Fourth Amendment.

Plaintiff's claims fare no better construed as violations of substantive and/or procedural due process under the Fourteenth Amendment. The Tenth Circuit has recently held that "the unavoidable construction of **Albright** [**v. Oliver** 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)] is that no § 1983 claim will arise from filing criminal charges without probable cause under the substantive due process protections of the Fourteenth Amendment. . . . [W]e find **Albright**'s reasoning regarding substantive due process equally persuasive with regard to the Fourteenth Amendment's procedural component."

---

[2] Plaintiff offers neither argument nor evidence to suggest that he was subject to any other significant restraint on his liberty as a result of the pendency of the charges. **See Becker**, 494 F.3d at 916 (noting, in dicta, cases from other jurisdictions recognizing Fourth Amendment violation when summons is coupled with other "indicia of non-physical control," such as being required to post bond or appear in court, or restrictions on travel).

3

***Becker***, 494 F.3d at 918-19. More particularly, the ***Becker*** court held that allegations of suppression of exculpatory evidence will not make out a malicious prosecution claim under the Fourteenth Amendment when the plaintiff never proceeded to trial. ***Id.*** at 924 ("A plaintiff cannot establish materiality unless the case goes to trial and the suppression of exculpatory evidence affects the outcome.").

Nor has plaintiff offered any argument or analysis regarding any other potential due process violation that might take this case outside the holding of ***Becker***. It is not clear what procedural due process plaintiff could demonstrate was denied him, since he short-circuited any administrative procedures to which he might have been entitled by resigning before the internal investigation into the charges was completed. ***See Sandoval v. City of Boulder, Colorado***, 388 F.3d 1312, 1329 (10th Cir. 2004); ***Pitts v. Board of Education of U.S.D. 305, Salina, Kansas***, 869 F.2d 555, 557 (10th Cir. 1989). Nevertheless, assuming *arguendo* that plaintiff could make out some cognizable argument with respect to procedural due process, it is clear that Colorado state law provides an adequate post-deprivation remedy in the form of a state law tort claim of malicious prosecution. ***See Becker***, 494 F.3d at 920-21; ***see also Hewitt v. Rice***, 154 P.3d 409, 411 (Colo. 2007).

With respect to substantive due process, plaintiff has not shown that this case presents the exceptional, outrageous, conscience-shocking "affront[] to personal autonomy" that is required to clear the extraordinarily high bar the Tenth Circuit has set for such claims. ***See Becker***, 494 F.3d at 922-23. Finally, because plaintiff never proceeded to trial, he cannot rest a § 1983 substantive due process claim on a ***Brady***[3] violation. ***See***

---

[3] A reference to the Supreme Court's seminal decision in ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 Led.2d 215 (1963).

4

*Becker*, 494 F.3d at 924.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Second Motion for Summary Judgment** [#95], filed August 1, 2007, is **GRANTED**;

2. That plaintiff's claims against defendants for malicious prosecution under the Fourth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**;

3. That judgment **SHALL ENTER** on behalf of defendants, Arapahoe County Sheriff Greyson Robinson, Joseph M. Dempsey, and John Does I-X, and against plaintiff, Jason Robinson, as to plaintiff's claims remaining for malicious prosecution under the Fourth and Fourteenth Amendments;

4. That **Defendants' Motion To Strike Certain Exhibits Attached to Plaintiff's Response Brief to Defendants' Second Motion for Summary Judgment** [#114], filed September 5, 2007, is **DENIED AS MOOT**;

5. That the Trial Preparation Conference, currently scheduled for Thursday, May 15, 2008, at 10:00 a.m., as well as the jury trial, currently set to commence on Monday, June 2, 2008, are **VACATED**; and

6. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated January 22, 2008, at Denver, Colorado.

      **BY THE COURT:**

      <u>s/ Robert E. Blackburn</u>
      **Robert E. Blackburn**
      **United States District Judge**